UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX L. WEISS,<br><br>                    Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC; and US DEPARTMENT OF EDUCATION,<br><br>                    Defendants. | Case No.: 22-CV-1098 JLS (AHG)<br><br>**ORDER DENYING REQUEST FOR CLERK'S ENTRY OF DEFAULT JUDGMENT**<br><br>(ECF No. 9) |

    Presently before the Court is Plaintiff Max L. Weiss's Request for Clerk's Entry of Default Judgment ("Req.," ECF No. 9). For the following reasons, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Request.

    Generally, a defendant must serve an answer to a plaintiff's complaint "within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). The time to file an answer is extended to "within 60 days after service," however, when the United States, a United States agency, or United States officers or employees are named as defendants. Fed. R. Civ. P. 12(a)(3). If a defendant fails to answer a plaintiff's complaint within the allotted time, and such failure "is shown by affidavit or otherwise, the

clerk must enter the party's default." Fed. R. Civ. P. 55(a). If the claim is for "a sum certain," the Clerk must enter judgment against the defendant for the amount shown in the plaintiff's affidavit, so long as the defendant is neither a minor nor an incompetent person. Fed. R. Civ. P. 55(b)(1).

Here, Plaintiff has requested the Clerk's Entry of Default Judgment against Defendant U.S. Department of Education, alleging that Defendant has failed to defend the case because more than 21 days have passed since Defendant was served on July 28, 2022. *See* ECF No. 3. However, as an agency of the United States, Defendant has 60 days after service to respond to Plaintiff's complaint. *See* Fed. R. Civ. P. 12(a)(3); *see also McInerney v. U.S. Dep't of Educ.*, No. 317CV00346MMDWGC, 2017 WL 4560139, at *1 n.1 (D. Nev. Oct. 11, 2017) ("[T]he Department of Education is permitted 60 days to file an answer to a complaint or to file a motion to dismiss."). As such, Defendant has not yet failed to defend the case, and default judgment may not yet be entered against Defendant. Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Request (ECF No. 9).

IT IS SO ORDERED.

Dated: August 26, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge